## McIntire *v.* Skinner.

M. held a claim on one-quarter of a quarter section of land, and contracted with S. for one-quarter of a one hundred and sixty acre land warrant, with the understanding that S. should enter the quarter section of land in his own name, and deed to M. his portion. After entering the land, S. recognized the arrangement in two or three transactions, but finally, when M. tendered to him the price stipulated for one-fourth of the warrant, S. refused to make the deed: held that the circumstances and equities removed the case from the statute of fraud, and created a trust which should be enforced against S.

An oral trust may be established by parole testimony, if a voluntary acknowlment can be proved.

A resulting trust may be established by parole proof.

In Equity. *Appeal from Wapello District Court.*

*Opinion by* Greene, J.   Bill filed for specific performance.   It avers that in 1849, J. McIntire, the complainant, was owner of a claim on the north-east quarter of north-west quarter, section eighteen, township seventy-one, range thirteen, upon which he had valuable improvements; that the defendant being then owner of a land warrant for 160 acres, it was agreed by the parties that complainant should have one-fourth of the land warrant for $37 50, and that the warrant should be located on said north-west quarter section of land in the name of defendant, and that he should then convey the north-east quarter of said quarter section to complainant; that defendant undertook the trust and under the agreement to deed the north-east quarter to complainant, entered the land with the warrant in his own name; that after defendant was vested with the title, complainant applied to him for a deed to his portion of the land so purchased in trust for him, and tendered to defendant the $37 50 agreed upon as the price of the one-fourth of the warrant, but the defendant refused to make the deed;. the petition

7*

prays for a deed and tenders the money in court. Defendant's answer denies the trust, and assumes that if any . promise or contract was made it was not in writing, but was oral and within the statute of frauds. Replication wholly controverts the answer and re-affirms the trust. Case submitted on the pleadings and depositions. Petition dismissed.

We think the averments in the petition are wholly confirmed by the depositions.

It seems by the evidence that there was an understanding that complainant might pay for the fourth of the warrant in prairie breaking, at some convenient time to complainant. Defendant said he " was not particular when—most any time would do." But when McIntire offered to do the breaking, defendant did not wish to have it done then, because it was too late in the season, and not on the ground that he had not sold him one-fourth of the warrant. When the tender was made, Skinner did not deny the contract or the trust, but when asked if he would take the money merely replied, " not now." At another time Skinner remarked that he would not make a deed to McIntire till he took back certain offensive words. In this he virtually recognized the trust and his contract to deed, but assumed the right of exacting an apology as an additional condition upon which the deed should be given. These circumstances in connection with the direct and positive evidence adduced in support of the petition, are sufficient to overcome all conflicting evidence and make out a strong case for complainant.

The contract, as originally made and subsequently recognized by defendant, clearly created a trust ; but as the contract was oral, it is claimed that it comes within the statute of frauds. If the trust rested only on a naked declaration, and if disconnected with the purchase of one-fourth of the land warrant, and in relation to public land on which complainant had no valid claims, this objection would be good. The . peculiar circumstances and strong equities of

McIntire *v.* Skinner.

this case removes it from the statute of frauds. Complainant proves that he had a valid claim and improvements on the land in question, comprising one-fourth of the land entered with the warrant. He proves that he purchased one-fourth of the warrant before the land was entered. The fact that defendant agreed to take his pay in breaking, and at a subsequent period, did not invalidate the purchase. The case then is this : In consideration of complainant's claim on one-fourth of the land, and in consideration of his having purchased one-fourth of the warrant, at the price stipulated, defendant undertook the trust and entered the land in his own name for their joint benefit.

The land upon which this warrant was laid was claimed jointly by the parties, but this claim was encumbered by the legal title of the United States. It was agreed that one of the joint claimants should remove the incumbrance and perfect the title for their joint benefit, and share in proportion the expense. So in *Lee* v. *Fox*, 6 Dana, 176, one of several joint tenants bought an incumbrance on the joint possession, and it was held that the purchase might inure to the equal benefit of his co-tenants, upon condition of paying their due proportion of the actual cost. How much stronger is the case at bar? Complainant had already made provision for his proportion of the actual cost.

In *Pierce* v. *Pierce*, 7 B. Monroe, 433, it was held that if a conveyance be made to A, and B proves that he paid a part of the price for his own use, a trust results in favor of B, though not named in the deed. In this case, complainant's claim and improvements on the land, and his purchase of one-fourth of the warrant, render the statute of frauds inapplicable. Besides, equity will enforce a parole trust, though the statute of frauds be relied on. 1 McCord, C. R., 119. It is objected that the depositions in this case should have been rejected, because they only establish an oral trust by oral proof. A trust need not be created by writing when it can be proved by writing. But it need not even be proved by writing if a voluntary acknowledgment

can be proved. Here an acknowledgment was proved and that dispenses with written proof. Besides, this is a case of resulting trust, and such a trust may be established by parole proof. *Bottsford* v. *Burr*, 2 John. Ch., 409 ; 3 Mason, 347; 3 Litt., 399. We say this is a resulting trust, because complainant had a recognized claim on the land, and an acknowledged interest by purchase in the warrant by which the title was perfected ; and having those rights to the claim and warrant before purchase, a trust must equitably result from them. These rights, to claim and warrant, are the whole foundation of the trust, and as completely remove the case from the statute of frauds, as a payment of the purchase money could have done. The trust resulting from those rights having been clearly proved by facts and distinct acknowledgment, we cannot consider the statute of frauds as applicable to the case.

We therefore conclude that complainant's equity in one-fourth of the quarter section is fully established, and that he is entitled to a deed on payment of one-fourth of the price stipulated for the warrant, with interest up to the date of tender.          Decree reversed.

*Wright & Knapp*, and *Caldwell*, for complainant.

*H. G. Hendershott*, for defendant.